47 F.3d 1156
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 UNITED STATES, Appellant,
v.
Robert PALEO, Defendant-Appellee.
 No. 94-1875
 United States Court of Appeals,
First Circuit.
 Feb. 17, 1995
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Joseph L. Tauro, U.S. District Judge ]
 Carole S. Schwartz, Assistant United States Attorney, with whom Donald K. Stern, United States Attorney, was on brief for appellant.
 Mark G. Miliotis, with whom Miliotis & McQuade, was on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, ALDRICH, Senior Circuit Judge, and STAHL, Circuit Judge.
 PER CURIAM.
 
 
 1
 The United States appeals the district court's refusal to impose a fifteen-year mandatory sentence under the Armed Career Criminal Act, ("ACCA"), 18 U.S.C. Sec. 924(e).
 
 
 2
 In March 1990, appellee Robert Paleo pled guilty to a one-count indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Because Paleo had a prior criminal record, the government entreated the district court to sentence Paleo to the fifteen-year mandatory sentence under the ACCA. In response, Paleo challenged the constitutionality of his prior state court convictions that formed the basis of the government's requested sentence under the ACCA. In support of his challenge, Paleo submitted an affidavit sworn to by himself, stating that he had been denied counsel during critical stages of two of his four prior convictions. The affidavit was supported by several deficiencies in the state records.
 
 
 3
 The district court allowed the challenge, and found that Paleo had been denied counsel at two of his four prior convictions. Accordingly, the district court denied the government's request for the imposition of the fifteen-year sentence under the ACCA, and instead imposed a sentence of 21 months' incarceration and two years of supervised release, the maximum sentence allowed under the Sentencing Guidelines. The government now appeals, claiming 1) that the district court erred as a matter of law in ruling with respect to Paleo's prior convictions, and 2) that the district court's findings of fact regarding Paleo's denial of his right of counsel during his prior convictions were clearly erroneous.
 
 
 4
 Having carefully reviewed the district court's opinion, and finding no abuse of discretion or clear error, we reject the government's arguments, and affirm.
 
 
 5
 Affirmed.